UNITED STATES of America,
Plaintiff–Appellee,

v.

Wali ALI, Defendant–Appellant.

No. 91–1302.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 7, 1991.

Decided Jan. 10, 1992.

Matthew M. Schneider, Asst. U.S. Atty., Office of the U.S. Atty., Criminal Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Sheldon Nagelberg, Chicago, Ill., for defendant-appellant.

Before POSNER, COFFEY and RIPPLE, Circuit Judges.

POSNER, Circuit Judge.

The defendant was convicted of burglary of a federally insured credit union and sentenced to 41 months in prison. The sentence was higher than it would otherwise have been, because of the defendant's previous convictions—two of which, he argues, should have been consolidated, and therefore treated as one, because they were "related" within the meaning of the federal sentencing guidelines. One was a robbery of a supermarket and the other was a forgery a few days later of a money order that was part of the haul from the supermarket's cash register. The official commentary to the guidelines deems cases "related" that occurred on a single occasion, or were consolidated for trial or sentencing, or were part of a "single common scheme or plan." U.S. Sentencing Guidelines § 4A1.2(a)(2), Application Note 3. The robbery and forgery were committed

on different days and the prosecutions were not consolidated either for trial or for sentencing, so the question is whether they were part of a single scheme or plan.

It is a question to which few cases speak. *United States v. Davis,* 922 F.2d 1385, 1389–90 (9th Cir.1991), holds sensibly that two crimes are not related within the special sense of the guidelines commentary merely because their *modus operandi* is the same. *United States v. Kinney,* 915 F.2d 1471 (10th Cir.1990), holds that crimes committed months apart are not related just because they have a common objective, in that case to support the defendant's drug habit. See also *United States v. Veteto,* 920 F.2d 823 (11th Cir.1991). The closest case to ours is *United States v. Coleman,* 947 F.2d 1424 (10th Cir.1991), which holds that retaliation by a defendant against a witness is not part of the same scheme as the crime for which the defendant was being prosecuted. This is plainly right if the retaliation was not anticipated and planned when the original crime was planned or committed. For they are then separate crimes and the fact that the first was suggested by the second is no reason to suppose the defendant less dangerous than one might otherwise have thought. We must keep in mind the purpose of the "related" test. It is to identify the less dangerous criminal. A criminal is not less dangerous because his crime is part of a spree.

No one robs without intending to obtain value from what is taken, and if that is a financial instrument on which a signature must be forged if it is to be cashed or otherwise used to the robber's profit the forgery could easily be thought a part of a single scheme or plan. But "scheme" and "plan" are words of intention, implying that the forgery and the robbery have been jointly planned, or at least that it have been evident that the commission of one would entail the commission of the other as well. If the decision to commit forgery arose only after the robber discovered what he had taken, the forgery would be no more a part of the scheme or plan to rob than would be retaliation against a witness of

whose existence the retaliator was unaware when he planned the crime to which the witness has testified; and *Coleman* even narrowly read would therefore govern. A crime merely suggested by or arising out of the commission of a previous crime is not (to repeat our essential holding) related to the earlier crime in the special sense of being part of a common scheme or plan.

So far as appears, the defendant in our case scooped up the contents of the cash register and they just happened to include a money order. Since the two crimes thus were unrelated within the meaning of the pertinent provision of the guidelines, his sentence was properly enhanced. This is true whether the government has the burden of proof or the defendant, and whether the standard of appellate review of a decision applying a provision of the sentencing guidelines to uncontested facts is clearly erroneous or plenary—two issues that are not addressed by our cases, and that we reserve for another day. For representative discussions of them by other circuits, see *United States v. Khang,* 904 F.2d 1219, 1222–23 (8th Cir. 1990); *United States v. Davis, supra,* 922 F.2d at 1388.

The defendant's other ground of appeal we also reject, for the reasons stated in an unpublished order issued this day.

AFFIRMED.