960 F.2d 151
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Robert J. HALEY, Defendant/Appellant.
 Nos. 91-2877, 91-2903.
 United States Court of Appeals, Seventh Circuit.
 Argued April 1, 1992.
Decided April 16, 1992.
 
 1
 Before BAUER, Chief Judge, POSNER, Circuit Judge, and NOLAND, Senior District Judge.*
 
 ORDER
 
 2
 Robert Haley was charged with conspiracy to manufacture more than 1,000 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 846. When he failed to appear for trial on this charge, the government filed another indictment for violation of 18 U.S.C. § 3146(a)(1), based on this missed court appearance. On April 8, 1991, Haley pleaded guilty to the charges in both indictments. On May 7, 1991, Haley entered a plea of guilty in an Illinois state court for the unlawful possession of heroin. The Illinois court sentenced Haley, on the same day, to three years imprisonment and one year of supervised release. The state court judge further ordered that the sentence run concurrent to any sentence to be imposed by the federal court. On July 26, 1991, the district court sentenced the defendant to 151 months imprisonment on the conspiracy conviction and ordered the sentence to run consecutive to the state court sentence. The district court sentenced Haley to 18 months imprisonment for his failure to appear, to run consecutive to the sentence imposed on the federal conspiracy charge. Haley challenges his sentences.
 
 I. SENTENCING GUIDELINE SECTION 2D1.1
 
 3
 The district court calculated the base offense level for Haley's sentence on the basis of the 6,379 marijuana plants that law enforcement officers seized during the investigation. Section 2D1.1(c) contains a drug quantity table used in determining an offender's base offense level premised on the weight of the drugs involved. A note to § 2D1.1(c) provides:
 
 
 4
 In the case of an offense involving marijuana plants, if the offense involved (A) 50 or more marijuana plants, treat each plant as equivalent to 1 KG of marijuana; (B) fewer than 50 marijuana plants, treat each plant as equivalent to 100 G of marijuana. Provided, however, that if the actual weight of the marijuana is greater, use the actual weight of the marijuana.
 
 
 5
 Haley challenges the constitutionality of the scheme in § 2D1.1 for converting the number of plants into a weight for sentencing purposes. He claims that the conversion is arbitrary because it does not correlate either to the actual weight of the plants or the yield each plant produces. He also claims that there is no rational basis for assigning a weight of 100 grams per plant in cases involving less that 50 plants, while designating one kilogram per plant when over 50 plants are involved. Unfortunately for Haley, his co-defendant Jimmy Dean Webb raised the same constitutional challenges in an earlier appeal, and this court rejected the claims, finding the scheme constitutional. United States v. Webb, 945 F.2d 967 (7th Cir.1991). It is unnecessary for us to rehash our earlier reasoning. Thus, Haley's challenge is without merit.
 
 II. CRIMINAL HISTORY CATEGORY
 
 6
 Haley also claims that the district court erred in assigning him three criminal history points based on his May, 1991, state court conviction for possession of heroin. Under § 4A1.2(a)(2), prior sentences in related cases should not be counted in the criminal history category. Haley argues that because his most recent arrest resulted in both the state charge for heroin possession and the federal indictment for failure to appear, the two convictions constitute a "single occasion" for federal sentencing purposes. Thus, he claims error in the assignment of three points based on his state conviction when determining his sentence for the missed court appearance.[1]
 
 
 7
 Haley attempts to argue that these crimes are a "single occasion" because the two charges stemmed from his one arrest.[2] We have noted that there is generally a temporal prerequisite for finding that crimes occurred on a "single occasion" for purposes of the sentencing guidelines. United States v. Connor, 950 F.2d 1267, 1270 (7th Cir.1991).[3] However, it is not the time of the arrest that is controlling, it is the timing of the commission of the crimes. Haley missed his court appearance on September 10, 1990. An indictment and arrest warrant soon followed. Haley was arrested on December 11, 1990, and charged with the possession of heroin. Clearly, these crimes were not committed within the time frame contemplated by the sentencing guidelines. Nor are these crimes in anyway related to each other. Had Haley refrained from possessing heroin after he absconded, he still would have been arrested and tried for his failure to appear at court. The district court correctly calculated Haley's criminal history category.
 
 
 8
 III. CONCURRENT OR CONSECUTIVE SENTENCES?
 
 
 9
 The Illinois state court sentenced Haley on May 7, 1991. The state court specifically ordered that its sentence should run concurrent to any sentence that Haley would receive from these federal charges. The district court sentenced Haley on July 26, 1991, ordering that the federal run consecutive to each other and to the state sentence. On August 6, 1991, the state court entered an order requiring that the state sentence run concurrent to the federal sentence.
 
 
 10
 Haley claims that the federal court erred in imposing consecutive sentences in light of the state court's earlier order of concurrent sentences. Haley relies on Ch. 38, § 1005-8-4(a), Ill.Rev.Stat., which provides:
 
 
 11
 [W]hen a term of imprisonment is imposed on a defendant who is already subject to sentence in this state or in another state, or for a sentence imposed by any district court of the United States, the sentences shall run concurrently or consecutively as determined by the court. When a term of imprisonment is imposed on a defendant by an Illinois circuit court and the defendant is subsequently sentenced to a term of imprisonment by another state or by a district court of the United States, the Illinois circuit court which imposed the sentence may order that the Illinois sentence be made concurrent with the sentence imposed by the other state or district court of the United states. (emphasis added)
 
 
 12
 Similarly, 18 U.S.C. § 3584(a) grants district court judges the discretion to order concurrent or consecutive terms of imprisonment upon "a defendant who is already subject to an undischarged term of imprisonment."
 
 
 13
 The language of these statutes clearly indicates that the state court was without the authority to order its sentence to run concurrently. The simple fact is that Haley had not yet been sentenced. The Illinois statute does not authorize the trial judge to order that its sentence run concurrently with a sentence not yet imposed. Thus, this language in the state's sentence is void. The state court's subsequent order, again directing that its sentence run concurrent with the federal sentence, is similarly ineffectual. The district court's sentence is valid, and the state court cannot attempt to alter a legally imposed sentence.
 
 
 14
 Of course, Illinois officials may consider the Illinois sentence to be concurrent. Thus, Illinois officials may not require Haley to serve his Illinois sentence upon release by federal authorities. That, however, is a matter of state law with which the federal courts will not interfere. The state court could have easily avoided the confusion created in this instance. The court could have vacated its original sentence and resentenced the defendant. In doing so, the court could legitimately order its sentence to run concurrently with the federal sentence that has already been imposed. This is a matter for another court, not a federal appellate tribunal.
 
 
 15
 For the foregoing reasons, Haley's sentence is
 
 
 16
 AFFIRMED.
 
 
 
 *
 The Honorable James E. Noland, Senior District Judge of the United States District Court for the Southern District of Indiana, Indianapolis Division, is sitting by designation
 
 
 [1]
 Haley concedes that it was not error to include these points when calculating his criminal history category on the conspiracy conviction
 
 
 [2]
 This court has not yet decided whether our review of § 4A1.2 determinations should be conducted de novo or under a clearly erroneous standard. However, we need not decide this question because our decision would be the same under either standard. See United States v. Ali, 951 F.2d 827 (7th Cir.1992)
 
 
 [3]
 We note that Haley is not precluded from raising this argument simply because two different jurisdictions prosecuted his offenses. Connor, 950 F.2d at 1271