967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donear Tyrone WIGGINS, Defendant-Appellant.
 No. 91-10451.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 12, 1992.*
Decided June 17, 1992.
 
 Before JAMES R. BROWNING, ALDISERT** and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Wiggins argues the district court erred when it assigned him additional criminal history points for his conviction of robbing a Quality Inn Motel in Santa Monica, California on August 16, 1989. He claims that for purposes of section 4A1.2 of the Sentencing Guidelines, the Quality Inn robbery was "related" to the instant offense, which included robbing the Sanwa Bank in Los Angeles, California on August 14, 1989, because the robberies occurred on the same occasion and were part of a single common scheme or plan. See U.S.S.G. § 4A1.2, comment. (n. 3) (offenses are related if they "(1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing").
 
 
 3
 Whether a prior offense is related to the offense at issue for purposes of § 4A1.2 is a mixed question of law and fact reviewed de novo, while findings of fact that underlie the district court's decision are reviewed for clear error. United States v. Chapnick, No. 91-50194, 1992 U.S.App. LEXIS 7930, at (9th Cir. Apr. 16, 1992).
 
 
 4
 The district court did not err in finding that the two robberies did not take place on a single occasion. They occurred two days apart in two different cities and involved different victims. See United States v. Jones, 899 F.2d 1097, 1099, 1101 (11th Cir.1990) (robbery of an Orlando, Florida bank and attempted robbery of another Orlando bank approximately 90 minutes apart did not occur on a single occasion), cited with approval in United States v. Davis, 922 F.2d 1385, 1389 (9th Cir.1991); see also United States v. Antonie, 953 F.2d 496, 498-99 (9th Cir.1991) (for purposes of Armed Career Criminal Act, armed robberies committed approximately 40 minutes apart at two stores in nearby California towns "occurred in ... different cit[ies], at ... different time[s], and [were] perpetrated against different victims" and therefore constituted "two separate and distinct criminal episodes").
 
 
 5
 Nor did the district court err in finding that the robberies were not part of a common plan or scheme. Factors relevant to the determination of the existence of a common plan or scheme include: "(1) whether the crimes were committed 'within a short period of time;' (2) whether the crimes involved the same victim; (3) whether the defendant was arrested by the same law enforcement agency for both crimes; ... (4) when the arrests occurred and whether both crimes were solved during the course of one investigation.... [and (5) ] the similarities in the offenses." Chapnick, 1992 U.S.App. LEXIS 7930, at * 6 (citation omitted).
 
 
 6
 Wiggins was prosecuted by California authorities for the Quality Inn robbery and by federal authorities for the Sanwa Bank robbery. As discussed above, the robberies occurred in different cities on different days and, perhaps most significantly, involved different victims. See id. at * 7 (fact that crimes did not involve the same victims is "a factor other courts have frequently deemed determinative in holding prior offenses unrelated to each other"). Wiggins used a different modus operandi on each occasion: During the Quality Inn robbery, he pointed a toy gun at the desk clerk and demanded she give him the money from her cash drawer. When she refused, he placed the gun at her ear and when she refused again, at her back. When she continued to resist, he struggled with her, knocking her to the ground. During the Sanwa Bank robbery, Wiggins demanded that the victim bank teller get more money from a second teller. When the victim resisted by stalling, Wiggins simply left the bank. "We have previously held that similar crimes that share only a similar modus operandi cannot support a finding that the crimes are part of a common scheme or plan. It would make little sense, then, to hold now that different modus operandi can support a finding that the crimes were part of a common scheme." Id. Although the short time period in which the robberies occurred is a factor in Wiggins' favor, we will not "place controlling weight upon" it when the other factors argue against a finding of relatedness. Id. at Finally, Wiggins has not pointed to any evidence indicating that the robberies " 'had been jointly planned, or at least that the commission of one would entail the commission of the other as well.' " Id. at n. 5 (quoting United States v. Ali, 951 F.2d 827, 827 (7th Cir.1992)).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3