980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Todd A. D'ANTONI, Defendant/Appellant.
 No. 91-1856.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1992.*
Decided Dec. 3, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 A jury found Todd D'Antoni guilty of conspiracy to distribute lysergic acid diethylamide (LSD) while incarcerated at the Federal Correctional Institution at Oxford, Wisconsin. D'Antoni appeals his sentence, arguing that he was improperly classified as a career offender under the Sentencing Guidelines. U.S.S.G. § 4B1.1. We affirm.
 
 
 2
 D'Antoni argues that the two prior convictions should have been considered "related" and therefore treated as one for the purpose of calculating his criminal history. In October 1987, D'Antoni pleaded guilty to two offenses: delivery of a controlled substance (cocaine) to a person under the age of twenty-one and conspiracy to kill a government witness. After being charged for the delivery of a controlled substance, D'Antoni had attempted to arrange the murder of a teenage girl who was present during the delivery.
 
 
 3
 D'Antoni urges us to review de novo the district court's classification of D'Antoni as a career offender. We note that this is a case involving the application of the Sentencing Guidelines to uncontested facts, and we have not yet determined the appropriate standard of review. United States v. Woods, No. 92-1016, slip op. at 6 (7th Cir. Oct. 6, 1992) (citing United States v. Brown, 962 F.2d 560, 565 (7th Cir.1992); United States v. Ali, 951 F.2d 827 (7th Cir.1992)). We need not decide the standard today because the district court's application of the Guidelines survives even de novo review. Brown, 962 F.2d at 565.
 
 
 4
 D'Antoni asserts that his prior sentences were "consolidated" and should therefore be considered "related" under the career offender provision. U.S.S.G. § 4A1.2, Application Notes n. 3. The district court specifically found that although D'Antoni was sentenced for both offenses on the same day by the same judge, the sentences were not consolidated; the two cases were addressed individually, and the sentences were imposed consecutively, not concurrently. D'Antoni does not show that there was an order of consolidation. See Woods, slip op. at 12 n. 6; U.S. v. Garcia, 962 F.2d 479 (5th Cir.), cert. denied, 1992 U.S. LEXIS 6292 (1992). In the absence of a specific order of consolidation, the fact that these cases were discussed on the same day before the same judge, does not necessarily mean that the cases had been consolidated. Woods, slip op. at 12 n. 6 (7th Cir. Oct. 6, 1992). Cases which are "merely consolidated for purposes of convenience" may be counted as separate convictions under the career offender provision. United States v. Elmendorf, 945 F.2d 989, 998 (7th Cir.1991), cert. denied, 112 S.Ct. 990 (1992).[1]
 
 
 5
 D'Antoni also argues that the cases are "related" by a "common scheme or plan." U.S.S.G. § 4A1.2, Application Notes n. 3. Whether particular offenses are part of a common scheme or plan is often a "fact-intensive undertaking". Brown, 962 F.2d at 565. This court has determined that retaliation by a defendant against a witness is not part of the same scheme if the retaliation was not anticipated and planned when the original crime was planned or committed. See United States v. Ali, 951 F.2d 827, 828 (7th Cir.1992). There is nothing in the record to suggest that D'Antoni anticipated or planned a conspiracy to kill a government witness at the time he gave the cocaine to the two girls. Although the conspiracy to kill the government witness was suggested by or arose out of the previous crime of delivery of cocaine, the cases are not "related in the special sense of being part of a common scheme or plan." Id.
 
 
 6
 D'Antoni was properly classified as a career offender. For the reasons stated above, we AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 As we recently determined in Woods, the Sentencing Guidelines were amended as of November 1, 1991 to broaden the scope of "related" cases, making it clear that "a defendant's prior sentences that have been consolidated for trial or sentencing must be considered related under Section 4A1.2." United States v. Woods, slip op. at 10. Elmendorf which made an exception for sentences consolidated for purposes of convenience, was decided prior to the amendment of the Guidelines. D'Antoni was also sentenced under the pre-amended Guidelines. We apply Elmendorf to those cases which were considered under the pre-amended Guidelines. Woods, slip op. at 13 n. 7. We note also that if D'Antoni had been sentenced under the most recent Guidelines, he still would have been classified as a career offender. Although the definition of "related" has been expanded, the amended Guidelines explicitly order that if criminal conduct is separated by arrests, the ensuing convictions are never considered related even if there was consolidation for trial or sentencing. Id. at 12; U.S.S.G. § 4A1.2 Application Notes n. 3. D'Antoni was arrested after committing the first offense; while detained in the Dane County Jail, he committed the second offense