UNITED STATES of America,
Plaintiff–Appellee,

v.

James R. COLEMAN, Defendant–
Appellant.

No. 00–2454.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 12, 2000.

Decided Jan. 2, 2001.

Before BAUER, POSNER, and
KANNE, Circuit Judges.

ORDER

James Coleman pleaded guilty to possession of heroin with intent to distribute and was sentenced to 151 months' imprisonment. On appeal, Coleman challenges the district court's determination that he is a "career offender" under § 4B1.1 of the sentencing guidelines, arguing that his six prior convictions for armed robbery should have been treated as one offense because they were part of a single common scheme or plan. We affirm.

On October 27, 1998, Coleman was indicted for possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Coleman entered a plea of guilty to the charge on January 27, 2000.

In the presentence report, the probation officer recommended that Coleman be classified as a career offender under § 4B1.1 of the sentencing guidelines, based on Coleman's six prior convictions for armed robbery. The offenses underlying those convictions occurred in Illinois in August 1996, when Coleman and two confederates went on a crime spree, committing six robberies within a span of about 12 to 15 hours. In the first robbery, which occurred in Chicago during the late night hours of August 19, Coleman and his ac-

complices stole a car and the driver's personal possessions at gunpoint. They then used the stolen cash to purchase drugs, which they smoked throughout the night. The following day, the three men used the stolen car to commit five more robberies, four in Chicago and one in neighboring Oak Park. According to Coleman, he and his accomplices "would jump in the car and ride down the street and two people would jump out and rob someone," and then "would ride up the street further and [two people would] jump out again and rob somebody." Coleman was caught while fleeing the last of these robberies. He subsequently pleaded guilty to all six armed robberies and was sentenced, in six separate hearings, to 14 years' imprisonment for each conviction, to be served concurrently with the others.

In his objections to the presentence report, Coleman argued that these six prior convictions should be considered "related" under § 4A1.2(a)(2) because they were part of a single common scheme or plan. To support this argument, Coleman testified at his sentencing hearing that he and his accomplices committed the robberies with the plan to rob as many people as possible in order to purchase drugs. He further testified as to the close geographical proximity and the common *modus operandi* underlying the six offenses.

On the basis of this information, the district court initially found that Coleman had satisfied his burden of showing a single common scheme or plan. But after eliciting further testimony from Coleman and reconsidering the caselaw, the court reversed itself, determining that there was no evidence to support its earlier ruling. The court stated that its reversal "hing[ed] in large measure" on Coleman's testimony that he "was not a part" of the first robbery that took place on August 19, 1986, and indeed "was not even there," but was involved only in the five robberies that occurred the following day. From this, the court found that "there was, in effect, no agreement concerning the latter robberies when the car was first highjacked" and that Coleman's six convictions did not therefore result from a single common scheme or plan. The court then concluded that Coleman was a career offender and sentenced him to 151 months' imprisonment.

The sole question on appeal is whether Coleman's six previous convictions for armed robbery should be counted separately in determining his career offender status under § 4B1.1 of the sentencing guidelines. If those convictions are "related" within the meaning of § 4A1.2(a)(2), they should be treated as a single conviction for purposes of calculating criminal history. U.S.S.G. § 4B1.2(c).

We have recently held that a district court's determination whether a defendant's prior convictions are "related" within the meaning of the sentencing guidelines is reviewed under a deferential standard. *United States v. Buford,* 201 F.3d 937, 942 (7th Cir.2000). The Supreme Court, however, has since granted *certiorari* in *Buford* to resolve a circuit split regarding whether "relatedness" is to be reviewed deferentially or *de novo. Buford v. United States,* 530 U.S. 1306, 121 S.Ct. 29, 147 L.Ed.2d 1052 (2000). But regardless of how the Supreme Court ultimately decides the issue, it will not affect the outcome in this case because the district court's decision here survives even *de novo* review.

Under § 4A1.2(a)(2), prior sentences are considered "related" if they "resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment (n.3). The parties focus on ele-

ment (B) and agree that the dispositive question posed by this case is whether Coleman's six armed robberies were "part of a single common scheme or plan." We have held that crimes are related as part of a common scheme or plan only if they were jointly planned from the outset or if commission of one crime would necessarily entail commission of the other. *United States v. Brown*, 209 F.3d 1020, 1023 (7th Cir.2000); *United States v. Ali*, 951 F.2d 827, 828 (7th Cir.1992). It is, furthermore, the defendant's burden to show the relatedness of his prior offenses. *Brown*, 209 F.3d at 1023.

Coleman maintains that he has satisfied his burden of showing a common scheme or plan through his testimony at sentencing that he and his accomplices had an agreement to rob as many people as possible to purchase drugs. We disagree. Coleman testified at his sentencing hearing that he "was not a part" of the first robbery. If Coleman indeed did not participate in the first crime, then he could not have "intended to commit [all six] crimes from the outset," *United States v. Joy*, 192 F.3d 761, 771 (7th Cir.1999), or at least he has not satisfied his burden of showing that he had. The district court therefore correctly found that Coleman's six convictions did not result from a single common scheme or plan.

Furthermore, even assuming that Coleman and his accomplices had an agreement concerning the latter robberies when the first robbery took place, Coleman's argument regarding the existence of a "single common scheme or plan" would still fail. As we have held, crimes are not related "merely because each of the offenses were [sic] committed with the same general purpose" or because "they were part of a crime spree." *Brown*, 209 F.3d at 1024, (internal quotations and citation omitted). Thus, here, simply because Coleman had as his purpose the acquisition of money to buy drugs does not mean that he had devised a common scheme or plan. *Id.* ("[U]nder § 4A1.2(a)(2), crimes will not be deemed related simply because they are committed to achieve a singular objective—such as support of a drug habit.") (internal quotations and citations omitted); *see also United States v. Chartier*, 970 F.2d 1009, 1016 (2d Cir.1992) ("[E]vidence of a plan simply to commit robberies when and as money is desired or needed cannot be enough by itself to permit the repeat robber to avoid being considered a career offender."); *United States v. Rivers*, 929 F.2d 136, 140 (4th Cir.1991) ("The fact that both offenses were committed to support one's drug habit does not make the offenses related under § 4A1.2.")

For the above reasons, the judgment of the district court is AFFIRMED.