UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.

EVERETTE CALVIN HAWKINS,
                *Defendant-Appellant.*

No. 98-4553

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong Jr., District Judge.
(CR-96-908)

Argued: June 7, 2001

Decided: August 15, 2001

Before NIEMEYER and TRAXLER, Circuit Judges, and
Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Reversed and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Parks Nolan Small, Federal Public Defender, Columbia, South Carolina, for Appellant. Kevin Frank McDonald, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee. **ON BRIEF:** J. Rene Josey, United States Attorney, Harold Watson Gowdy, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Everette Calvin Hawkins ("Hawkins") appeals from the district court's decision to sentence him as a "career offender" under § 4B1.1 of the United States Sentencing Guidelines, alleging that his four previous burglary convictions should have been considered "related" under § 4A1.2(a)(2) of the Guidelines. *See* U.S.S.G. § 4B1.1 & § 4A1.2(a)(2) (1997). We reverse and remand for resentencing.

I.

Hawkins pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). His presentence report reflected four previous burglary convictions, all of which occurred within a one week period of time and, although the record does not disclose the exact locations, concededly within the city limits of Greenville, South Carolina. The burglaries all involved the breaking and entering of private residences and the theft of such common items as silverware and video cassette recorders. A single police investigation solved all of these crimes as Hawkins' arrest on one resulted in his confessing to the other three. Each residence was broken into by Hawkins during the daytime and after he had located the easiest method of entry. The same accomplice assisted Hawkins during each burglary. The purpose of each burglary was to convert the stolen items into cash to pay off Hawkins' drug debt. Hawkins sold all the silverware to the same two antique shops, and disposed of the other stolen items at the same pawn shop. All of the cases were informally consolidated for sentencing on the same day in state court and Hawkins received concurrent sentences for each of the offenses.

Because the district judge viewed the state burglary convictions as separate offenses and because burglaries qualify as crimes of violence under the Sentencing Guidelines, *see* U.S.S.G. § 4B1.2(a)(2), Haw-

kins was found to be a career offender under U.S.S.G. § 4B1.1 and sentenced to 168 months imprisonment for his federal drug distribution conviction. Whether these burglaries were properly counted separately or whether the Guidelines require them to be treated as one prior conviction is the heart of this appeal.

II.

Under the United States Sentencing Guidelines, a defendant's criminal history is reflected in points which are attributed in various ways to the defendant's prior misdeeds. How multiple prior convictions are counted may depend upon whether the cases are considered "related" under U.S.S.G. § 4A1.2(a)(2), which reads in pertinent part as follows: "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)." In Application Note 3 to this section, the Guidelines define "related cases" as follows:

> *Related Cases*. Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, cmt. n.3. Chapter 4 of the Guidelines provides no definition of a "single common scheme or plan," although Application Note 9 to U.S.S.G. § 1B1.3, which pertains to relevant conduct, provides as follows:

> "Common scheme or plan" and "same course of conduct" are two closely related concepts.

> (A) *Common scheme or plan*. For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one com-

mon factor, such as common victims, common accomplices, common purpose, or similar *modus operandi*. For example, the conduct of five defendants who together defrauded a group of investors by computer manipulations that unlawfully transferred funds over an eighteen-month period would qualify as a common scheme or plan on the basis of any of the above listed factors; *i.e.*, the commonality of victims (the same investors were defrauded on an ongoing basis), commonality of offenders (the conduct constituted an ongoing conspiracy), commonality of purpose (to defraud the group of investors), or similarity of *modus operandi* (the same or similar computer manipulations were used to execute the scheme).

(B) *Same course of conduct.* Offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses. Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses. When one of the above factors is absent, a stronger presence of at least one of the other factors is required. For example, where the conduct alleged to be relevant is relatively remote to the offense of conviction, a stronger showing of similarity or regularity is necessary to compensate for the absence of temporal proximity. The nature of the offenses may also be a relevant consideration (*e.g.*, a defendant's failure to file tax returns in three consecutive years appropriately would be considered as part of the same course of conduct because such returns are only required at yearly intervals.)

U.S.S.G. § 1B1.3, cmt. n.9.

   Courts differ on the question of whether a "single common scheme or plan" in Application Note 3 to § 4A1.2 should be given the same

meaning as the definition of "common scheme or plan" set forth in Application Note 9 to § 1B1.3(a)(2). *Compare United States v. LaBarbara*, 129 F.3d 81, 86 (2d Cir. 1997), *with United States v. Beckett*, 208 F.3d 140, 147 n.2 (3d Cir. 2000); *United States v. Brown*, 209 F.3d 1020, 1024 n.9 (7th Cir. 2000); *United States v. Berry*, 212 F.3d 391, 394-95 (8th Cir.), *cert. denied*, 121 S. Ct. 253 (2000). We have never addressed the issue in a published opinion. However, in *United States v. Breckenridge*, 93 F.3d 132 (4th Cir. 1996), we examined Section 4A1.2(a)(2) of the Guidelines in the context of a defendant who had six prior convictions for breaking and entering and grand larceny, and we identified eight specific factors for district courts to use in evaluating whether prior offenses constituted a "common scheme or plan." Recognizing that no one factor, or particular combination, would dictate such a finding, we nevertheless listed those which would be indicative that multiple crimes were part of a common scheme or plan:

1. Commission within a short period of time

2. Close geographic proximity

3. Same substantive offenses

4. Directed at a common victim

5. Solved in a single criminal investigation

6. Similar *modus operandi*

7. Animated by the same motive

8. Tried and sentenced separately only because of an accident of geography

*See id.* at 138. We review the trial court's Sentencing Guideline determination deferentially. *See Buford v. United States*, 121 S. Ct. 1276, 1278 (2001).

In *Breckenridge*, we had a substantial amount of information before us regarding the factors to be considered, but nevertheless

remanded the case to the district court for additional findings on the *modus operandi* used in the various break-ins and for further information regarding the potential for consolidation under state law. *See Breckenridge*, 93 F.3d at 140. On appeal after remand, we ultimately concluded that the six prior burglary convictions were related, requiring that Breckenridge's sentence as a career criminal be reversed. *See United States v. Breckenridge*, No. 97-7685, 2000 WL 1086786 (4th Cir. Aug. 4, 2000).

We find the facts before us indistinguishable in any meaningful way from those before the court in *Breckenridge*. Both Breckenridge and Hawkins committed their crimes within a short period of time; in fact, Hawkins' crimes were committed within a shorter time frame that those committed by Breckenridge. Both engaged in the same substantive offenses directed at the same type of victims, and both defendants' offenses were solved as part of a single police investigation. The methods of entry were similar, a common accomplice was used by each defendant, similar items were stolen, and the stolen goods went to common locations. The geographic proximity of the crimes is about the only aspect which is not demonstrably parallel — Breckenridge burglarized homes within blocks of each other, although across a county line, whereas Hawkins' crimes were all committed within the city limits of Greenville — but this small difference hardly justifies the different outcome here.

We recognize, of course, that other circuits have refused to allow crimes committed in this fashion to be treated as one under the career offender guideline, holding instead that "relatedness" is reserved for situations where the offenses were jointly planned or where it was evident that the commission of one would entail the commission of the other. *See United States v. Ali*, 951 F.2d 827, 828 (7th Cir. 1992) ("We must keep in mind the purpose of the 'related' test. It is to identify the less dangerous criminal. A criminal is not less dangerous because his crime is part of a spree."); *see also Brown*, 209 F.3d at 1023 (holding that robberies committed within a month and a half of each other, in the same general area, which shared a similar *modus operandi*, and specific common purpose of funding a drug addiction were not related because defendant failed to establish that he intended from the outset to commit the robberies or that one necessarily involved committing the others); *accord Beckett*, 208 F.3d at 147-48;

*United States v. Irons*, 196 F.3d 634, 638 (6th Cir. 1999); *cf. United States v. Robinson*, 187 F.3d 516, 520 (5th Cir. 1999); *United States v. Hallman*, 23 F.3d 821, 826 (3d Cir. 1994). While these cases may indeed state the better rule, and would likely dictate affirming Hawkins' sentence in this case, we are currently bound by our contrary precedent in *Breckenridge*. *See Bell v. Jarvis*, 236 F.3d 149, 159 (4th Cir. 2000) (en banc) ("[A] panel of this court cannot overrule the decision of another panel; only the en banc court may overrule a prior panel decision.") (internal quotation marks omitted).

## III.

For the foregoing reasons, the judgment of the district court is reversed and the case remanded for resentencing in accordance with this opinion.

*REVERSED AND REMANDED*