

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-24-2004

# USA v. Neary

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4645

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Neary" (2004). *2004 Decisions.* Paper 584.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/584

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4645

UNITED STATES OF AMERICA

v.

CHRISTOPHER D. NEARY,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 03-cr-00441-1)
District Judge: Honorable Dennis M. Cavanaugh

Submitted Under Third Circuit LAR 34.1(a)
May 27, 2004

Before: RENDELL and COWEN, Circuit Judges,
and SCHWARZER*, District Judge.

(Filed: June 24, 2004)

OPINION OF THE COURT

---

* Honorable William W Schwarzer, Senior District Judge for the Northern District
of California, sitting by designation.

RENDELL, Circuit Judge.

Christopher Neary raises two challenges to his sentence following his conviction for bank robbery. Neary contends that the District Court erred by determining that he was a career offender and by refusing to depart downward. We have jurisdiction to consider Neary's appeal under 28 U.S.C. § 1291. We will affirm.

Because we write only for the parties, we need only briefly recount the relevant facts and procedural history underlying this appeal. Neary was sentenced on November 17, 2003 to 170 months imprisonment and supervised release, and ordered to make restitution for robbing approximately $5250 from the Hudson City Savings Bank in Chester, New Jersey. The sentence was based on an offense level of 29 and a criminal history category of VI. Neary's criminal history category was based on previous bank robberies that he committed between September and November of 1987, for which he was convicted in Florida state and federal courts, and another in January of 1987, for which he was convicted in a Washington state court. The District Court found that these offenses were distinct from one another and were not "related" for purposes of section 4A1.1 (a), (b), and (c) of the Sentencing Guidelines. Given this criminal history, the District Court determined that Neary was a career offender. Moreover, the Court refused to downward depart. On appeal, Neary challenges both the career offender determination and the District Court's refusal to depart downward in his sentencing.

First, Neary contends that the prior offenses that were considered in the

determination of his career offender status were "related," and, therefore, should be treated as one offense for purposes of section 4A1.1(a), (b), and (c). See U.S.S.G. § 4A1.2(a)(2). We review the District Court's application of the career offender enhancement *de novo*, but where the application turns on factual findings, we review for clear error. See United States v. Beckett, 208 F.3d 140, 148 (3d Cir. 2000).

Application note 3 to section 4A1.2 describes what is meant by "related" sentences:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

USSG § 4A1.2, cmt. n. 3; see also United States v. McQuilkin, 97 F.3d 723, 731 (3d Cir. 1996) ("Commentary in the guidelines is binding unless it runs afoul of the Constitution or a federal statute, or is plainly erroneous or inconsistent with the section of the guidelines it purports to interpret.").

The District Court correctly concluded that no intervening arrests took place with respect to Neary's prior convictions. As noted above, prior to the instant offense, Neary had committed several other bank robberies, specifically a robbery of the Capital Savings Bank in Kitsap, Washington, escaping with $2150, in January 1987; and three bank robberies in southern Florida between September and October 1987. He was arrested for

the Washington bank robbery and was convicted in January of 1990; he was convicted for the Florida robberies on March 31, 1989.

Having found that there were no intervening arrests between his prior bank robbery offenses, the District Court considered the other factors set out in the application note with respect to Neary's three prior convictions. In so doing, it was easy for the District Court to determine that Neary's previous convictions, from Florida and Washington, were not consolidated for trial or sentencing, and, therefore, the Court had to determine whether the offenses arose from a common scheme or plan.

Neary contends that a similar motive, target, modus operandi, and substantive offense provide the necessary basis for a finding that the bank robberies were part of a common scheme or plan. We disagree. As the government correctly argues, the finding of a "common scheme or plan" is based upon something more than similarity of purpose, motive and target. Indeed, this Court has held that offenses in a common scheme or plan must "have been jointly planned, or at least that it would have been evident that the commission of one would entail the commission of the other as well." Beckett, 208 F.3d at 147 (quoting United States v. Ali, 951 F.2d 827, 828 (7th Cir. 1992)). Neary's mere contention that there were several common aspects of the robberies is insufficient to establish a common scheme or plan. It was Neary's burden to show that the previous robberies were part of a common scheme or plan, id., and the District Court did not err in finding that he had failed to meet that burden.

The second issue raised by Neary, namely, denial by the District Court of downward departure, is not an issue that is committed to our jurisdiction. The District Court's refusal to depart was discretionary, and our case law indicates that where a district court understands that it has the discretion to depart but decides not to exercise it, we lack jurisdiction to review the denial of downward departure. See United States v. Ruiz, 536 U.S. 622 (2002); United States v. Georgiadis, 933 F.2d 1219 (3d Cir. 1991); McQuilkin, 97 F.3d at 723.

For the foregoing reasons, the Judgment and Commitment Order of the District Court will be AFFIRMED.

_____