**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0911n.06
Filed: December 20, 2006

**05-2161**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DAVID EARL HILL, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and COLE, Circuit Judges, RESTANI,[*] Judge., Circuit Judges.

PER CURIAM. In this sentencing appeal, defendant David Hill challenges the calculation of his 175-month sentence for bank robbery, imposed by the district court following the entry of Hill's guilty plea to a violation of 18 U.S.C. § 2113. Hill contends that application of discretionary guideline sentencing under *United States v. Booker*, 543 U.S. 220 (2005), violates the Ex Post Facto Clause of the Federal Constitution. He also insists that the district court erred in sentencing him as a career offender under § 4B1.1 of the United States Sentencing Guidelines. We find no error and affirm.

---

[*]The Hon. Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

In the period since the district court imposed Hill's sentence, we have held in *United States v. Barton*, 455 F.3d 649, 657 (6th Cir. 2006), and in *United States v. Shepherd*, 453 F.3d 702, 705-06 (6th Cir. 2006), that retroactive application of the remedial sentencing ruling in *Booker* does not raise an ex post facto issue. The *Barton* and *Shepherd* decisions are controlling here and moot the first issue raised on appeal.

As to the remaining issue, we note that a defendant qualifies as a "career offender" under U.S.S.G. § 4B1.1 if (1) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense and (2) the defendant has at least two prior felony convictions involving a crime of violence or a controlled substance offense. Hill, convicted of bank robbery in this case, has three prior convictions for that same offense. He contends, however, that all three of those convictions should be counted as a single conviction for purposes of § 4B1.1 because they qualify as "related cases," based upon the existence of a "common scheme or plan," under U.S.S.G. § 4A1.2.

In determining the number of prior felony convictions that a defendant has for sentence-enhancement purposes, prior sentences in "unrelated cases" are treated separately while "[p]rior sentences imposed in related cases are to be treated as one sentence" under U.S.S.G. § 4A1.2(a)(2). Prior cases are "related" if the offenses occurred on the same occasion, were part of a single common scheme or plan, or were consolidated for trial or sentencing. U.S.S.G. § 4A1.2 comment (n.3). In this circuit, we have adopted the test set out in *United States v. Ali*, 951 F2d 827, 828 (7th Cir. 1992), to determine

whether prior cases are related as part of a common scheme or plan. *See United States v. Irons*, 196 F.3d 634, 639 (6th Cir. 1999) ("defendant has the burden of establishing that his crimes were jointly planned or that the commission of one entailed the other"). Under that standard, offenses are "part of the same scheme or plan only if [they] were jointly planned, or, at a minimum, the commission of one offense necessarily required the commission of another." *United States v. Carter*, 283 F.3d 755, 758 (6th Cir. 2002) (citing *Ali*, 951 F.2d at 828; internal quotations omitted).

In this case, because the defendant was sentenced on two of the bank robbery charges at the same sentencing hearing in Cleveland and they were, therefore, at least informally "consolidated for sentencing," the district court – apparently acting out of an abundance of caution – counted the two of them as a single case for the purpose of determining Hill's career criminal status. But, the court counted the defendant's sentencing on the third robbery offense, in Toledo, as a separate and non-related case, found that the defendant met the requirements of the guideline on recidivism, and sentenced him as a career criminal.

Hill argues on appeal that there is no functional distinction between the offenses he committed that led to consolidated sentencing in Cleveland and the Toledo case, arguing that they should all three be deemed a single case under § 4A1.2(a)(2) because they were the product of a single plan or *modus operandi*. In this respect, he cites *Carter* for the proposition that a number of considerations determine whether cases should be deemed

related on the basis of a common scheme or plan, including "whether the crimes were committed within a short period of time, in close geographic proximity, involved the same substantive offense, were directed at a common victim, were solved during the course of a single criminal investigation, shared a similar *modus operandi*, were animated by the same motive, and were tried and sentenced separately only because of an accident of geography." *Carter*, 283 F.3d at 760. Hill insists that the three bank robberies for which he was convicted were all committed in northern Ohio within a six-month period for the common purpose of funding his drug addiction and that they resulted in his arrest and indictment following an ongoing investigation. The prior convictions therefore satisfy all the factors in the *Carter* "test," according to Hill.

But, a close reading of the *Carter* opinion reveals that the quoted language is merely a laundry list of factors that *other* circuits have found to be relevant in determining whether cases are part of a common scheme or plan under the federal sentencing guidelines. *Id.* Moreover, the opinion makes clear that the test in this circuit is not that of the Fourth Circuit, from which most of the list of factors in the *Carter* opinion were gleaned. *Id.* (citing *United States v. Breckenridge*, 93 F.3d 132 (4th Cir. 1996)). In the end, we applied the *Ali* test to Carter's sentencing challenge, citing as controlling precedent our earlier decision in *Irons*. *Carter*, 283 F.3d at 758. That decision is also controlling here.

Moreover, on the basis of the evidence as well as circuit precedent, we reject the argument that the defendant's offenses in this case qualify even under an expanded test

such as that in *Breckenridge*. The record indicates that the three prior bank robberies for which Hill was convicted were committed at different geographic locations, on different dates that were months or weeks apart, and against different victims. Of course, the three offenses shared a common motive, that of stealing funds from the banks involved, and they were executed in a similar manner, *i.e.*, with the threatened use of a fake bomb. But money is inherently the object of a bank robbery, and we have held that use of an identical *modus operandi*, standing alone, is insufficient to establish relatedness. *See United States v. Cowart*, 90 F.3d 154, 160 (6th Cir. 1996) ("It is beyond question that the simple sharing of a *modus operandi* cannot alone convert three separate bank robberies on three different dates of three different banks into one offense by virtue of their being [sic] a single common scheme or plan.").

There was no error in the calculation of the sentence imposed in this case. For that reason, we AFFIRM the judgment of the district court.