IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-30398

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOHN MICHAEL MCCONNELL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-cr-50022-1

Before DAVIS and SOUTHWICK, Circuit Judges, and DRELL, District Judge.[*]
PER CURIAM:[**]

John Michael McConnell ("McConnell") appeals his sentence from his conviction under 18 U.S.C. § 1001 for making false statements to the City of Faith ("COF") halfway house in Shreveport, Louisiana. McConnell challenges the sentence arguing that the district court erred by considering that his embezzlement of funds from his employer was "related conduct" for purposes of increasing his sentence. The false statements made to COF consisted of

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McConnell misrepresenting his whereabouts to COF on the sign-in / sign-out sheet by listing "work" as his location upon leaving COF when he instead went to a local casino where he gambled with the money he had embezzled from his employer. The district judge imposed a sentence of nine months after concluding that the embezzlement from his employer was relevant conduct. For the following reasons, we affirm.

## I. Facts and Prior Proceedings

In 2004, McConnell was sentenced to serve a thirty-month term of imprisonment for violating 18 U.S.C. § 656 for theft, embezzlement, or misapplication by a bank officer or employee. He began serving this thirty-month term in November 2004. In July 2006, McConnell was transferred to COF to serve the remainder of his sentence. Pursuant to its agreement with the Bureau of Prisons, COF maintains certain records including an inmate sign-in / sign-out log.

McConnell received a handbook upon his arrival at COF, which explained that the staff at COF must at all times know a resident's location and that the resident is accountable for advising the staff of his whereabouts. McConnell was also informed of the following requirements: that when he left COF, he was required to sign out; that when he arrived at his destination, he was to call and report his arrival; that before leaving his destination, he was required to report his imminent return to COF; and that upon his arrival at COF, he was then required to sign in.

McConnell obtained employment at Haltom Construction Company ("Haltom") in Marshall, Texas shortly after arriving at COF in July 2006. During his employment at Haltom, McConnell embezzled $80,000.00. Before the offense was detected, McConnell had repaid $54,000.00, leaving a balance of $24,000.00 unpaid at the time the offense was detected. Upon his repayment of

the remaining $24,000.00, a Harrison County Grand Jury no true billed him, and the Texas state charges were dropped.

McConnell was indicted under 18 U.S.C. § 1001[1] for making false misrepresentations or statements to COF, including misrepresenting his location on COF's sign-in / sign-out log. He pled guilty to one count of the indictment, which charged that on September 26, 2006, he reported to COF that he was at work when in fact he was at a casino for much of the day. McConnell began his play at the black jack table by cashing an $8,000.00 check from Haltom, payable to McConnell and dated that same day.

Prior to sentencing, the government argued that McConnell's $80,000.00 embezzlement should be included in his relevant conduct to enhance his guideline sentencing range by eight levels, resulting in an offense level of 12 with a criminal history category of III and an imprisonment range of fifteen to twenty-one months. The district court agreed that the embezzlement constituted relevant conduct, however it found that because McConnell had repaid $56,000.00 of the $80,000.00 by the time the offense was detected, the amount of loss for relevant conduct was reduced to $24,000.00.[2] Thus, the district court found that the relevant conduct increased McConnell's offense level to 8 and sentenced him to nine months, which is within the applicable six to twelve

---

[1] "Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully . . . (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation, or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, [or] imprisoned not more than 5 years . . . or both." 18 U.S.C. § 1001(a).

[2] In applying $24,000.000 as the loss for purposes of relevant conduct, the district court relied on Sentencing Guideline § 2B1.1, which controls the issue of the amount of embezzlement for sentencing purposes. A comment to this guideline explains that the amount of loss shall be reduced by "[t]he money returned . . . to the victim before the offense was detected." U.S. SENTENCING GUIDELINES MANUAL § 2B1.1 cmt. 3(E).

month guideline range. McConnell timely appeals, arguing that the district court erred by considering the embezzlement to be relevant conduct.

## II. Standard of Review

After Booker,[3] this Court reviews a district court's interpretation and application of the sentencing guidelines de novo and reviews its findings of fact for clear error.[4] The determination of relevant conduct is a finding of fact reviewed for clear error.[5] To determine an appropriate sentence, a district court must consider a properly calculated guideline sentencing range and the sentencing factors in 18 U.S.C. § 3553(a).[6] The ultimate sentence is reviewed for reasonableness.[7] This Court may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines.[8]

## III. Analysis

The district court found that McConnell's sentence for his violation of 18 U.S.C. § 1001 should be enhanced by his embezzlement from Haltom as relevant conduct, pursuant to Sentencing Guideline § 1B1.3. McConnell argues that the court erred in considering this as relevant conduct.

To determine whether the district court properly applied the guidelines, we look first to the language of § 1B1.3. Section 1B1.3(a)(1) provides that for the conduct in question to be relevant conduct that would enhance a defendant's

---

[3] United States v. Booker, 543 U.S. 220, 261 (2005).

[4] United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006) (citing inter alia United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005)).

[5] United States v. Anderson, 174 F.3d 515, 526 (5th Cir. 1999).

[6] United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 546 U.S. 828 (2005).

[7] Id. at 520 (citing Booker, 543 U.S. at 261).

[8] Rita v. United States, 127 S.Ct. 2456, 2462–63 (2007).

sentence, it must be conduct by the defendant "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."[9] Section 1B1.3(a)(2) provides that relevant conduct includes, "solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions . . . [of defendant] that were part of [1] the same course of conduct or [2] common scheme or plan as the offense of conviction."[10]

Further, according to the Sentencing Guidelines Commentary to § 1B1.3, offenses may qualify as being in the same course of conduct for purposes of § 1B1.3(a)(2) "if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses."[11]  Alternatively,"[f]or two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi."[12]  Further, "[i]t is not necessary for the defendant to have been charged with or convicted of carrying out the other acts before they can be considered relevant conduct.  However, for the acts to constitute relevant conduct, the conduct must be criminal."[13]  Finally, in discussing the breadth of relevant conduct applicable pursuant to § 1B1.3, this Court has explained that

---

[9] U.S. SENTENCING GUIDELINES MANUAL § 1B1.3(a)(1) (2006).

[10] Id. at § 1B1.3(a)(2).

[11] Id. at cmt. 9.

[12] U.S. SENTENCING GUIDELINES MANUAL § 1B1.3 cmt. 9; see also Anderson 174 F.3d at 526.

[13] Anderson, 174 F.3d at 526 (citing United States v. Thomas, 969 F.2d 352, 355 (7th Cir. 1992); United States v. Moore, 927 F.2d 825, 827 (5th Cir. 1991); United States v. Powell, 124 F.3d 655, 665 (5th Cir. 1997); United States v. Peterson, 101 F.3d 375, 385 (5th Cir. 1996)). See also U.S. SENTENCING GUIDELINES MANUAL § 1B1.3 cmt. 3.

conduct that is not an element of the offense of conviction may enter into the district court's determination of the applicable guideline range . . . . One of the clear purposes of § 1B1.3 of the guidelines is to include different transactions that are relevant to the charged conduct, particularly if they are part of a common scheme or plan. To accord with this purpose, we have consistently interpreted relevant conduct broadly.[14]

The government argues that § 1B1.3(a)(2) applies because McConnell made false statements to conceal the fact that he was gambling at the casino and misappropriated funds from his employer to facilitate such gambling, and that as such, these acts constituted either the same course of conduct or a common scheme or plan of gambling.

According to § 1B1.3(a)(2), we must first inquire whether we are dealing with offenses the character of which would require grouping of multiple counts under § 3D1.2(d). Section 2B1.1 is the guideline applicable to both embezzlement and violations of § 1001, the statute under which McConnell was convicted. Offenses covered by § 2B1.1 are specifically listed among those which shall be grouped together under § 3D1.2(d). Thus, the Haltom embezzlement can be grouped with McConnell's § 1001 false statement offense under § 1B1.3(a)(2). Secondly, we agree with the government that § 1B1.3(a)(2) applies because the district court was entitled to find that McConnell committed the embezzlement and made the false statements as part of a common scheme or plan to permit him to go to the casino and gamble. Under the common scheme or plan analysis, the guidelines only require that the two offenses "be substantially connected to each other by at least one common factor."[15] We have

---

[14] United States v. Smallwood, 920 F.2d 1231, 1237 (5th Cir. 1991) (internal citations and quotations omitted) (finding that possession of a legal chemical, phenylacetic acid, which was necessary to manufacture methamphetamine, was relevant conduct to defendant's sentence for production of methamphetamine).

[15] United States v. Hinojosa, 484 F.3d 337, 341 (5th Cir. 2007).

also explained that the words "'scheme' and 'plan' are 'words of intention, implying that the [offenses were] jointly planned, or at least that it have been evident [sic] that the commission of one would entail the commission of the other as well.'"[16]  Here, where the common purpose of gambling applies to both the offense of lying to COF and to the embezzlement, this test is clearly met.  As the district court explained:  "How can you find a more seamless web than you file a false statement to go out of the halfway house to go to your employer to get money to go to the casino?  That's as seamless as it gets to be."

McConnell argues, however, that the common purpose in this test must be a criminal purpose for this guideline to apply.  This argument is inconsistent with our case law.  We have previously held that a non-criminal purpose satisfies the common purpose factor for relevant conduct.[17]

## IV.  Conclusion

Based on the foregoing reasons, we affirm McConnell's sentence.

AFFIRMED.

---

[16] United States v. Alvarado-Santilano, 434 F.3d 794, 799 (quoting United States v. Robinson, 187 F.3d 516, 520 (5th Cir. 1999) (quoting United States v. Ali, 951 F.2d 827, 828 (7th Cir. 1992))).

[17] See United States v. Sanders, 343 F.3d 511, 530–31 (5th Cir. 2003) (finding obtaining funds to purchase a dry cleaning business to be a "common purpose" for purposes of § 1B1.3(a)(2)).