**UNITED STATES of America,
Plaintiff,**

v.

**Brett WITHERS, Defendant.**

**No. CR–3–00–067.**

United States District Court,
S.D. Ohio,
Western Division.

April 23, 2003.

Beth Goldstein Lewis, Federal Public Defender, Dayton, OH, for defendant.

DECISION AND ENTRY SUSTAINING DEFENDANT'S OBJECTION (DOC. # 112) TO RECOMMENDATION OF PROBATION OFFICER THAT THE DEFENDANT BE SENTENCED AS A CAREER OFFENDER IN ACCORDANCE WITH § 4B1.1 OF THE SENTENCING GUIDELINES

RICE, Chief Judge.

The Defendant, who was charged in the Indictment (Doc. # 15) with three counts of obstructing, delaying or affecting commerce by robbery ["robbery"], in violation of the Hobbs Act, 18 U.S.C. § 1951, and three counts of using and carrying a firearm while committing a crime of violence, in violation of 18 U.S.C. § 924(c)(1), has plead guilty to one count of robbery and one court of using and carrying a firearm while committing a crime of violence. Now, the Court must apply the Sentencing Guidelines and decide the appropriate sentence to impose. In particular, the Court decides herein whether the Defendant can be sentenced as a career offender. Career offender status is defined by § 4B1.1(a) of the Sentencing Guidelines, which provides:

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

In the Presentence Report ("PSR"), the Probation Officer noted that the Defendant had committed three aggravated robberies over a short period of time, to wit: one on October 27, 1985, in Montgomery County, Ohio, another on October 29, 1985, in Greene County, Ohio, and the third on October 29, 1985, in Preble County, Ohio. *Id.* at ¶¶ 40–42. Aggravated robberies are indisputably felony crimes of violence. The Probation Officer concluded that those three offenses were not related and that, therefore, the Defendant had at least two prior felony convictions for crimes of violence.[1] *Id.* at 27. As a consequence, the Probation Officer concluded that the Defendant should be sentenced as a career offender, in accordance with § 4B1.1. *Id.* The Probation Officer also noted that, on July 24, 2000, the Defendant entered a plea of guilty to a charge of failing to comply with an order of a police officer. *Id.* at ¶ 43. The Probation Officer concluded that this offense could also qualify as a prior felony conviction for a crime of violence for career offender status. *Id.* at ¶ 27. The Defendant has objected to the recommendation that he be sentenced as a career offender. In particular, he argues that his three convictions for aggravated robbery were related and that, therefore, they do not constitute more than one prior felony conviction for a crime of violence. *See* Doc. # 112. He also argues that his conviction for failing to comply with an order of a police officer is not a crime of violence and that, therefore, it cannot serve as one of the requisite two prior felony convictions of a crime of violence.[2]

1. Throughout this Decision, the Court utilizes the term "related offenses," or otherwise refers to offenses being related. The Sentencing Guidelines, however, use the phrase "related sentences." The phrase "related offenses" and other references to offenses being related have the same meaning as the term "related sentences" in the Sentencing Guidelines.

2. Parenthetically, the Probation Officer noted that in 1979, the Defendant had previously been convicted upon his guilty pleas in Montgomery County Common Pleas Court to two counts of intimidation of a witness. *See* PSR

*Id.* Herein, the Court rules upon the Defendant's objection to the recommendation that he be sentenced as a career offender. As a means of analysis, the Court will initially address the Defendant's argument that the three aggravated robberies, which he committed in late October, 1985, are related, following which it will turn to the question of whether the failure to comply with the order of a police officer can constitute a predicate offense for career offender status.

In order to be a career offender, a defendant must be at least eighteen years of age when he committed the offense for which he is being sentenced, that offense must be a felony which is either a crime of violence or a drug trafficking offense, and he must have at least two prior felony convictions for crimes of violence or drug trafficking offenses. Herein, it cannot be questioned that the Defendant was eighteen when he committed the offenses for which he is currently being sentenced and that those offenses are crimes of violence. Indeed, the Defendant does not argue to the contrary. He does, however, challenge the Probation Officer's conclusions that his three prior convictions for aggravated robbery are not related and that he is, therefore, a career offender. As is explained below, if the Defendant's three prior convictions for aggravated robbery are related, because they arise out of a single common scheme or plan, then they can serve as only one predicate offense for career offender status.

For purposes of determining whether a defendant has two prior felony convictions under § 4B1.1, Application Note 3 of § 4B1.2(c) of the Sentencing Guidelines indicates that the question of whether a defendant's prior felony convictions are to be counted separately must be determined in accordance with § 4A1.2 of the Sentencing Guidelines. Section 4A1.2(a)(2) provides that prior sentences imposed in "related cases" are to be treated as one sentence. Whether prior sentences are to be considered related is to be determined in accordance with Application Note 3 to § 4A1.2, which provides in pertinent part:

> 3. *Related Cases.* Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

Herein, the first sentence of Application Note 3 is clearly inapplicable, since Withers' prior offenses of aggravated robbery were not separated by an arrest. Accordingly, Defendant's three prior sentences are related, *if* his prior sentences resulted from offenses which come within (A), (B) or (C). As to Subsection (C), the Defendant's three, prior aggravated robbery convictions were committed in different counties; therefore, they were not consolidated for trial or for sentencing. However, he argues that the three prior aggravated robbery convictions are related, either because they occurred on the

at ¶ 38. Due to the age of those convictions, they were not utilized to compute the Defendant's criminal history point total and resultant criminal history. For the same reason, those convictions cannot be used to determine whether he is a career offender. In *United States v. Robertson*, 260 F.3d 500, 508–09 (6th Cir.2001), the Sixth Circuit held that a sentence which, pursuant to § 4A1.2(e), is not used to compute criminal history points, because it is too old, may not be utilized to determine whether the defendant is a career offender.

same occasion (Subsection (A)) *or* because they were part of a common scheme or plan (Subsection (B)). As a means of analysis, the Court will address those two arguments in the above order.

■ In arguing that the three aggravated robbery offenses occurred on the same occasion, the Defendant relies upon the decision of the Fifth Circuit in *United States v. Moreno–Arredondo,* 255 F.3d 198 (5th Cir.2001). Therein, the District Court enhanced the Defendant's sentence for illegal re-entry into the United States, because he had been previously convicted of committing two aggravated felonies, to wit: two counts of indecency with a child. Of particular present importance, the District Court concluded that the previous offenses were not related, because they had not occurred on the same occasion. Upon appeal, the Fifth Circuit reversed, concluding that the two offenses had occurred on the same occasion. Each of the defendant's prior convictions involved the touching of a different girl, two sisters who were the daughters of his then paramour. While the defendant sat on a couch in his paramour's home, one sister sat next to him, and he inappropriately touched her. Immediately thereafter, the other sister sat next to him, and he inappropriately touched her. Thus, the Fifth Circuit noted that the two offenses had occurred in the same location, within minutes of each other and without interruption (*i.e.,* without the defendant having turned aside to any other activity between the commission of the two offenses). *Id.* at 205. The facts of the present prosecution are not sufficiently similar to those in *Moreno–Arredondo* to cause this Court to conclude that the Defendant's offenses occurred on the same occasion. He committed those offenses in three separate counties; he purchased and used drugs between them, and approximately thirty-four hours separated the three offenses. In *United States v. Old-*

*ham,* 13 Fed.Appx. 221, 2001 WL 406424 (6th Cir.), *cert. denied,* 534 U.S. 900, 122 S.Ct. 228, 151 L.Ed.2d 163 (2001), the Sixth Circuit held that the District Court had not erred in finding that two burglaries occurring ninety minutes apart were not committed on the same occasion. Accordingly, the Court finds that the Defendant's three previous convictions for aggravated robbery did not occur on the same occasion, and that Subsection (A) of Application Note 3 to § 4A1.2 is inapplicable.

The Defendant also argues that his three previous aggravated robbery convictions are related, because they were part of a single common scheme or plan. In *United States v. Carter,* 283 F.3d 755 (6th Cir.), *cert. denied,* 537 U.S. 874, 123 S.Ct. 286, 154 L.Ed.2d 126 (2002), the Sixth Circuit reiterated the standards which must be applied by a District Court when deciding whether a defendant's crimes are part of a "single common scheme or plan," as that term is used in Application Note 3:

> In *United States v. Irons,* 196 F.3d 634, 637 (6th Cir.1999), this Court joined with the Third, Fifth, and Ninth Circuits in following the definition of the term "single common scheme or plan" as originally adopted by the Seventh Circuit in *United States v. Ali,* 951 F.2d 827, 828 (7th Cir.1992). In *Ali,* the Court held that crimes were part of the same scheme or plan only if the offenses were jointly planned, or, at a minimum, the commission of one offense necessarily required the commission of another. *Id.* at 828. In *Irons,* this Court concluded that the commission of a crime spree does not render such offenses related. If the offenses were not jointly planned in the inception, *or* if the commission of one offense [did not involve] the commission of another, under § 4A1.2(a)(2), the offenses are unrelated under *Irons* and should be counted separately.

*Id.* at 758 (emphasis added to highlight disjunctive and footnote omitted). *See also, United States v. Irons,* 196 F.3d 634, 638 (6th Cir.1999) (holding that offenses constitute a single common plan of scheme when they "have been jointly planned, or at least ... the commission of one would entail the commission of the other as well") (ellipses in original, internal quotation marks and citation omitted).[3]

During the sentencing hearing which was conducted on March 21, 2003, the Defendant explained how the three aggravated robberies, which he committed in late October, 1985, occurred. *See* Transcript of March 2, 2003 Hearing (Doc. # 127) at 47–53. The Defendant testified that he and Timothy Shepard ("Shepard"), a friend from childhood, were in the garage of Shepard's wife's house and decided to rob some motels and gas stations in order to get money to buy drugs. While in that garage, they planned to rob the two specific motels and the specific gas station, for which he was ultimately convicted of the aggravated robberies. According to the Defendant, they committed the first robbery, as it had been planned in the garage, after which they bought and consumed drugs. Thereafter, they committed the second robbery, as it had been planned in the garage, and then consumed more drugs, after which they committed the third robbery, as they had planned in the garage. During the hearing, in response to a question as to why they had paused between robberies, the Defendant explained that he and Shepard "[j]ust went and did drugs and then went and did the other one and then [the third robbery]." Doc. # 127 at 52. Defendant and Shepard committed the three offenses over a period of less than thirty-four hours. Indeed, they did not even change clothes during that period. *Id.* at 50 ("we never stopped to change clothes or anything").

■ Based upon the Defendant's testimony, which this Court finds to be credible, the Court finds that the commission of the three aggravated robberies was jointly planned.[4] Accordingly, the Court concludes that those three offenses were part

---

**3.** In his sentencing memorandum, the Defendant argues that this Court should follow the methodology adopted by the Fourth Circuit in *United States v. Breckenridge,* 93 F.3d 132 (4th Cir.1996). Therein, the Fourth Circuit held that, when determining whether two offenses were part of a common scheme or plan, a District Court must examine whether the crimes were committed within a short period of time, in close geographic proximity, involved the same substantive offense, were directed at a common victim, were solved during the course of a single criminal investigation, shared a similar *modus operandi,* were animated by a similar motive and were tried and sentenced separately only because of an accident of geography. *Id.* at 138. Since *Breckenridge* is contrary to the approach adopted by the Sixth Circuit, this Court will decline to follow that Fourth Circuit decision. In *Carter, supra,* the Sixth Circuit cited *Breckenridge,* among other decisions, to support the proposition that "other circuits have declined to adopt the rule set forth in *United States v. Ali,* [951 F.2d 827 (7th Cir.1992) ], and *United States v. Irons, supra.*" 283 F.3d at 759–60. *See also, United States v. Hawkins,* 2001 WL 919992 (4th Cir.2001) (noting that the Sixth Circuit has declined to follow *Breckenridge* ).

**4.** Recently, in *United States v. Smith,* Case No. CR–3–02–004(2) (S.D Ohio), the Court declined to find that the two bank robberies the defendant had committed over a period of 16 days were part of a "single common scheme or plan." Consequently, the Court sentenced the defendant therein as a career offender. *Smith* is distinguishable from this case, because the two robberies had not been jointly planned even though the defendant and his accomplice had, prior to the first robbery, agreed to rob banks to feed their drug habits. The situation in *Smith* can more accurately be referred to as non-related incidents constituting a crime spree. *See United States v. Irons, supra.*

of a "single common scheme or plan."[5] Consequently, they are related and serve as only one prior felony conviction for a crime of violence and, therefore, only as one predicate offense for career criminal status.[6]

 Of course, even though those three offenses constitute one prior felony conviction for a crime of violence, the Defendant will nevertheless be sentenced as a career offender, if his conviction upon his guilty plea for failing to comply with the order of a police officer was a prior felony conviction for a crime of violence. The Defendant argues that it is not such a crime, and the Government has not responded to that assertion. For reasons which follow, this Court agrees with the Defendant.

Section 4B1.2(c) of the Sentencing Guidelines provides that " 'two prior felony convictions' means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." Above, the Court has concluded that the Defendant's three 1985 aggravated robberies constitute only one felony conviction of a crime of violence. Moreover, the Defendant was convicted of the failure to comply offense on *July* 24, 2000. However, he committed the offenses for which he is now being sentenced on *March* 20, 2000, some four months earlier. Therefore, he did not commit the instant offenses, *subsequent* to

his conviction for failure to comply. Consequently, that latter offense cannot be a predicate offense for finding that the Defendant is a career offender.[7]

Based upon the foregoing, the Court sustains the Defendant's objection to the recommendation of the Probation Officer that he be sentenced as a career offender under § 4B1.1 of the Sentencing Guidelines. Accordingly, the Court will not sentence the Defendant as such an offender.

---

5. Having so concluded, it is not necessary to discuss whether the commission of one of the aggravated robberies would entail the commission of one or both of the others.

6. Having concluded that these three aggravated robberies are related, they will count as only three total criminal history points, rather than the nine (three each) recommended by the Probation Officer. To determine that the three aggravated robberies were one offense for career criminal status, reference was made to § 4A1.2. The same section is applica-

ble to determine whether they are separate or related for purposes of computing criminal history points. The Defendant's resultant criminal history will by IV, rather than the recommended VI.

7. Given the conclusion that the Defendant did not commit the instant offenses subsequent to his conviction for failure to comply, it is not necessary to address the Defendant's argument that such an offense is not a crime of violence.