

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2004

# USA v. Mora-Zapata

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3072

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Mora-Zapata" (2004). *2004 Decisions.* Paper 848.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/848

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3072
_____

UNITED STATES OF AMERICA

v.

ELMER DEJESUS MORA-ZAPATA
a/k/a CARLOS
a/k/a PEDRO COTTO
a/k/a HELMER JESUS MORA
a/k/a ELMER MORA

Elmer DeJesus Mora-Zapata,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00580-1)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2004

Before: ALITO, FISHER and ALDISERT , Circuit Judges.

(Filed: April 8, 2004)
_____

OPINION OF THE COURT
_____

FISHER, <u>Circuit</u> <u>Judge</u>.

On February 19, 2003, Appellant Elmer Dejesus Mora-Zapata pled guilty to six drug-related offenses. In calculating Mora-Zapata's sentence, the United States District Court for the Eastern District of Pennsylvania deemed Mora-Zapata to be a "career offender" under U.S.S.G. § 4B1.1 because of Mora-Zapata's two prior felony drug convictions. Mora-Zapata challenges the district court's "career offender" decision on grounds that the two prior felony drug convictions were "related cases" under U.S.S.G. § 4A1.2 that cannot support a "career offender" designation. Because the two prior felony drug convictions were not "related cases," we affirm Mora-Zapata's sentence.

## I.

Section 4B1.1 of the Sentencing Guidelines, the "career offender" provision, mandates an enhancement where a defendant convicted of a crime of violence or a controlled substance offense "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Whether prior felony convictions actually constitute "two prior felony convictions" for purposes of § 4B1.1(a) turns on whether "the sentences for ... [those] felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." U.S.S.G. § 4B1.2(c). Section 4A1.2(a)(2) provides that "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), or (c)." U.S.S.G. § 4A1.2(a)(2).

2

Application Note 3 to § 4A1.1 explains when prior sentences are considered to have been "imposed in related cases" for purposes of § 4B1.1:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.1 appl. note 3.

The district court designated Mora-Zapata as a "career offender" under § 4B1.1(a) because of Mora-Zapata's two prior felony drug convictions in the United States District Court for the Middle District of Pennsylvania – Criminal No. 84-00159, a conviction for drug distribution-related offenses based on conduct that occurred on or about September 25, October 2 and October 25, 1984 (the "159 offense" or "159 conviction"); and Criminal No. 85-00193, a conviction for drug distribution-related offenses based on conduct that occurred between early 1983 and the summer of 1984, though distinct from the conduct underlying the 159 offense (the "193 offense" or "193 conviction"). Mora-Zapata contends that the 159 and 193 convictions were not separate "prior felony convictions" because (a) they "occurred on the same occasion" or (b) "were part of a single common scheme or plan" within the meaning of Application Note 3 to § 4A1.1.[1]

---

[1] As Mora-Zapata correctly points out, his prior drug-related offenses were not separated by an intervening arrest and are therefore not disqualified from being "related" under the "intervening arrest" prong of Application Note 3 to U.S.S.G. § 4A1.1.

## II.

The district court's determination that Mora-Zapata's 159 and 193 convictions were not "related cases" was not erroneous under any standard of review.[2] The 159 and 193 convictions were not "related cases" because the offenses underlying them did not occur on the "same occasion." Mora-Zapata submits that an "occasion" can be months, or even years; that the conduct underlying the 193 conviction, alleged in the indictment to have occurred during the period from early 1983 through December 1984, defines an "occasion"; and that because the conduct underlying the 159 conviction occurred between early 1983 and December 1984, it occurred on the "same occasion" as the conduct underlying the 193 conviction.[3]

Mora-Zapata's delineation of "occasion" obliterates the concept and recognizes no discernible limits to its scope. If an "occasion" can be a period of almost two years, why

---

[2]We have not yet specifically decided what standard of review governs a district court's determination that prior felony offenses occurred on the "same occasion," though we have determined that a district court's determination that a defendant's prior drug convictions were part of a "single common scheme or plan" must be reviewed only for "clear error." See United States v. Beckett, 208 F.3d 140, 147 (3d Cir. 2000). We need not decide whether the clearly erroneous standard also applies to "same occasion" determinations because the district court's decision at issue here survives even the most searching scrutiny.

[3]We assume *arguendo* that the conduct underlying the 193 conviction extended beyond the summer of 1984 until December of 1984. As the presentence report reflects, however, the government's intended proofs in the 193 matter would only have supported conduct occurring from early 1983 through the summer of 1984, thus concluding prior to the conduct underlying the 159 conviction. We need not consider this factual issue further because even Mora-Zapata's description of the timing of his conduct does not support a finding of "same occasion" under our interpretation of the concept.

not five years, ten years or twenty years?  Perhaps if the conduct at issue is closely connected in terms of the identities of the offenses, victims and accomplices, an expansive interpretation of "occasion" might be permissible.  But then, these forms of relatedness are already covered by § 4A1.2's "single common scheme or plan" provision.

Courts tend to regard temporal concerns as controlling in assessing whether conduct occurred on the "same occasion."  See United States v. Moreno-Arredondo, 255 F.3d 198, 207 (5th Cir.), cert. denied, 122 S.Ct. 491 (2001).[4]  For example, in United States v. Paden, 330 F.3d 1066 (8th Cir. 2003), the Eighth Circuit found that defendant's offenses on January 1, 1990 and January 5, 1990 did not occur on the "same occasion" because they were separated by four days.  Paden, 330 F.3d at 1067.  While we decline to say precisely how close together in time offenses must have occurred in order to have taken place on the "same occasion," it is clear that where, as here, offenses occurred on

---

[4]The Fifth Circuit in Moreno-Arredondo did recognize that non-temporal elements such as the similarity and geographical proximity of the prior offenses could be considered, but that "[o]nly the extent of the temporal separation between commissions can be controlling for purposes of the same-occurrence prong[.]"  Moreno-Arredondo, 255 F.3d at 207.  Mora-Zapata relies heavily on Moreno-Arredondo because it involved one of the rare instances where a court found that prior offenses had occurred on the "same occasion."  But Moreno-Arredondo is highly distinguishable from this case: the offenses underlying the defendant's prior convictions there (indecency with a child) occurred *within minutes of each other without interruption at precisely the same location* – the same seat on the couch in the living room of the home in which defendant, the victims, and the victims' mother resided.  The Fifth Circuit only examined the nature and location of the offenses because the temporal separation between the offenses (mere minutes) was *de minimis*.

5

multiple different days over a span of more than one year, they cannot be said to have occurred on the "same occasion."

Mora-Zapata's attempt alternatively to fit his 159 and 193 convictions into the "single common scheme or plan" prong of § 4A1.2 similarly fails. Mora-Zapata argues that his prior convictions were part of a "single common scheme or plan" because they involved "alleged cocaine sales during the same continuous period of time in the Pocono-area of the Middle District of Pennsylvania." In other words, Mora-Zapata would have us find that repeated commissions of the same crime in the same general geographic area over a span of more than one year suffices to establish a "single common scheme or plan."

Mora-Zapata bears the burden of establishing that the prior convictions were part of a common scheme or plan. Beckett, 208 F.3d at 147 (citation omitted). We noted in Beckett "that the terms 'scheme' and 'plan' are words of intention, implying that [the two offenses] have been jointly planned, or at least that it would have been evident that the commission of one would entail the commission of the other as well." Id. at 147 (quoting United States v. Ali, 951 F.2d 827, 828 (7th Cir. 1992)) (internal quotation marks omitted).

Mora-Zapata offered nothing at his sentencing hearing to demonstrate that the 159 and 193 offenses had been jointly planned, and does not even attempt to do so in his brief to this Court. Nor has Mora-Zapata offered any evidence or argument showing that the

commission of one of the offenses underlying one of the convictions "entail[ed] the commission of the other[s] as well." Indeed, the conduct underlying the 159 and 193 convictions is marked by its distinctiveness. While the 159 conviction involved four distributions of cocaine to the same undercover state trooper and informant in two Pennsylvania towns over the span of one month (September 1984 - October 1984), the 193 conviction involved more than sixty different distributions of varying amounts of cocaine to seven different buyers in multiple locations in central Pennsylvania over a span of approximately eighteen months preceding September 1984.

Moreover, accepting Mora-Zapata's bare assertion that repeated commissions of similar crimes over a span of more than one year suffices to establish that those crimes were part of a single common scheme or plan would, as the Fifth Circuit has recognized, "lead to the illogical result that a defendant who is repeatedly convicted of the same offense on different occasions could never be considered a career offender under the guidelines." United States v. Garcia, 962 F.2d 479, 482 (5th Cir. 1992). Accordingly, the district court did not err in concluding that the 159 and 193 offenses were not part of "single common scheme or plan" for purposes of § 4A1.2 of the Guidelines.

For the foregoing reasons, we affirm the district court's judgment.

_____