**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2067
_____

UNITED STATES OF AMERICA

v.

JONATHAN GREGORY VEGA,
a/k/a Jay,
a/k/a Thug,
                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:22-cr-00008-001)
District Judge: Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 6, 2025

Before: MATEY, FREEMAN, and ROTH, *Circuit Judges*

(Filed: June 4, 2025)
_____

OPINION*
_____

---

*This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Defendant Jonathan Vega pleaded guilty to possession with intent to distribute forty grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). He appeals his 144-month sentence, arguing that his criminal history did not justify his career-offender enhancement under U.S.S.G. § 4B1.1. We see no error in the District Court's application of the Sentencing Guidelines.[1]

A defendant is considered a career offender, and subject to the corresponding enhancement, if: 1) he "was at least eighteen years old at the time [he] committed the instant offense of conviction"; 2) "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense"; and 3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[2] § 4B1.1(a). Section 4B1.2(c) clarifies that a defendant's charged conduct must have followed two felony convictions "counted separately" under § 4A1.1. Prior convictions "always are counted separately if . . . [the] offenses . . . were separated by an intervening arrest." § 4A1.2(a)(2); *see* § 4B1.2(c). "If there is no intervening arrest, prior sentences are counted separately unless" the offense conduct was "in the same charging instrument" or "the sentences were imposed on the same day." *Id.*

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Whether a conviction is a predicate to apply the career-offender enhancement "is a question of law subject to plenary review." *United States v. Womack*, 55 F.4th 219, 236 (3d Cir. 2022).

[2] The parties do not dispute that Vega satisfies the first element, as he was over the age of eighteen at the time of the instant offense. Nor does Vega offer any reason to doubt that his 2014 and 2019 convictions were controlled substance offenses as defined in § 4B1.2(b).

The presentence investigation report identified two drug convictions that justified application of the career-offender enhancement. First, in 2014, Vega tried to sell 500 packets of heroin to a confidential informant. He was arrested in the act and released on bond. Two weeks later, police found Vega with 230 more packets of heroin. Each incident resulted in a conviction for possession with intent to deliver heroin. The guidelines required the District Court to count these convictions separately because of the intervening arrest. *Id.*; § 4B1.2(c).[3] Vega argues these convictions comprised a single offense, a "conspiracy that never ceased." Opening Br. 9. But he was not convicted of conspiracy, and the guidelines always separately count convictions when an arrest intervenes. § 4A1.2(a)(2).[4] Accordingly, Vega's 2014 convictions constitute two separate controlled substance convictions for the purposes of § 4B1.1(a), and application of the career-offender enhancement was proper.

So we will affirm.

---

[3] Vega cites three cases that apply language struck from the guidelines' commentary over seventeen years ago. *See* U.S.S.G. app. C, amend. 709 (effective Nov. 1, 2007); *United States v. Mora-Zapata*, 94 F. App'x 63, 65–66 (3d Cir. 2004); *United States v. Martin*, 749 F.3d 87, 93 n.7 (1st Cir. 2014); *United States v. Withers*, 267 F. Supp. 2d 836, 838 (S.D. Ohio 2003). The District Court properly applied the guidelines in effect at Vega's sentencing. *See United States v. Lewis*, 58 F.4th 764, 772 (3d Cir. 2023).

[4] Vega points to § 1B1.3's "related conduct" test and the Armed Career Criminal Act's "on occasions different" standard, but those inquiries are rooted in text absent from the career-offender enhancement. § 4A1.2(a)(2).